**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ***ex rel.*** | : | **Civil Action No. 5:17-CV-246** |
| | : | |
| **[UNDER SEAL]** | : | |
| | : | |
| **v.** | : | **FILED UNDER SEAL** |
| | : | **AND *IN CAMERA*** |
| **[UNDER SEAL]** | : | (31 U.S.C. § 3729 *et seq.*) |

---

# FIRST AMENDED COMPLAINT

Barbara D. Bonar (42213)
Otwell S. Rankin (93478)
BONAR, BUCHER & RANKIN, PSC
3611 Decoursey Avenue
Covington, Kentucky 41015
Phone: (859) 431-3333
Fax: (859) 392-3900
*bdbonar@lawatbdb.com*
*orankin@lawatbdb.com*

**Attorneys for Relator**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| **United States of America, and the States of Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Kentucky, Missouri, Nevada, New Mexico, Oklahoma, and Texas** | **Civil Action No. 5:17-CV-246** |
| **Plaintiffs,** | |
| ***ex rel.*, Joseph Donchatz** | |
| **Relator,** | |
| **v.** | **FILED UNDER SEAL AND *IN CAMERA*** (31 U.S.C. § 3729 *et seq.*) |
| **STANTON HEALTH FACILITIES, LP d/b/a Stanton Nursing and Rehabilitation Center 31 Derickson Lane Stanton, Kentucky 40380** | |
| | **JURY TRIAL DEMAND** |
| **PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC. 5420 W. Plano Parkway Plano, Texas 75093** | |
| **KENTUCKY PARTNERS MANAGEMENT LLC 5420 W. Plano Parkway Plano, Texas 75093** | |
| **RELIANT PRO REHAB, LLC 5212 Village Creek Drive Plano, Texas 75093** | |
| **RELIANT REHABILITATION HOLDINGS, INC. 5212 Village Creek Drive Plano, Texas 75093** | |
| **THOMAS SCOTT, in his capacity as ADMINISTRATOR/OWNER of STANTON NURSING AND REHABILITATION CENTER, PREFERRED CARE OF DELAWARE, d/b/a PREFERRED CARE, INC., PREFERRED** | |

| | |
|---|---|
| **CARE PARTNERS MANAGEMENT GROUP, and any related companies listed hereinafter**<br>**5420 W. Plano Parkway**<br>**Plano, Texas 75093** | : |
| **JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR/OWNER of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION HOLDINGS, INC. and any related companies listed hereinafter**<br>**5212 Village Creek Drive**<br>**Plano, Texas 75093** | : |
| **Defendants** | : |

## FIRST AMENDED COMPLAINT

## INTRODUCTION

1. This is an action brought under the provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* (2009), analogous state laws, and under analogous state fraud laws in Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Kentucky, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

2. *Qui Tam* Relator/Plaintiff Joseph Donchatz (hereinafter "**DONCHATZ**") brings this action in the name of the United States Government, the Commonwealth of Kentucky, and other state governments, for false claims that were submitted or caused to be submitted to the United States Government and to other federal and state agencies by Defendants.

3. This action arises under the provisions of Title 31 U.S.C. § 3729, *et seq.*, popularly known as the False Claims Act, and pursuant to analogous provisions of state and local law, including but not limited to the following:

Arkansas Medicaid Fraud False Claims Act, A.C.A § 20-77-901 *et seq.*
Colorado Medicaid False Claims Act, § 25.5-4-303.5 C.R.S., *et seq.*
Florida False Claims Act, Fla. Stat. § 68.083, *et seq.*

Iowa False Claims Act, Iowa Code § 685.1 *et seq.*
Louisiana Medical Assistance Programs Integrity Law, LSA-R.S. § 46:437.1, *et seq.*
Nevada False Claims Act, NRS 357.010, *et seq.*
New Mexico Medicaid False Claims Act, NMSA 2015, 27-14-1 §, *et seq.*
Oklahoma Medicaid False Claims Act, Okla. Stat. 63, § 5053, *et seq.*
Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE § 36.001, *et seq.*

(Collectively, "State *qui tam* statutes").

## PARTIES

4. At all times relevant hereto, Plaintiff, **DONCHATZ** is a permanent resident at 206 Saint Andrews Drive, Lavalette, West Virginia 25535, a resident and citizen of West Virginia, and a permanent citizen of the United States of America.

5. At all times relevant hereto, Defendant Stanton Health Facilities, LP, d/b/a Stanton Nursing and Rehabilitation Center (hereinafter "**STANTON NURSING**") is a company located at 31 Derickson Lane, Stanton, Kentucky 40380, where it has its principal place of business.

6. At all times relevant hereto, Defendants Preferred Care of Delaware, Inc., d/b/a Preferred Care, Inc., a/k/a Preferred Care Investments, LLC; and Preferred Care Partners Management Group; PCPMG; (hereinafter **"PREFERRED CARE"), IS A FOREIGN CORPORATION EXISTING UNDER, AND BY VIRTUE OF THE LAWS OF THE STATE OF TEXAS, WITH ITS PRINCIPAL PLACE OF BUSINESS AT 5420 W. PLANO PARKWAY, PLANO, TEXAS 75093, IS A COMPANY THAT OWNS STANTON NURSING, AND UPON REASON AND BELIEF ALSO DOES BUSINESS IN THE STATES OF ARIZONA, ARKANSAS, COLORADO, FLORIDA, IOWA, KANSAS, KENTUCKY, LOUISANA, MISSOURI, NEVADA, NEW MEXICO, OKLAHOMA, TEXAS, AND POSSIBLY OTHERS, UNDER THE FOLLOWING NAMES:** Florida

Preferred Care Health Facilities III, Inc.; Preferred Care Management Services; Preferred Care Partners Investments; Preferred Care Purchasing; Preferred Care, INC.; PCPMG AT KYBB, LLC; PCPMG AT KYBG, LLC; PCPMG AT KYCB, LLC; PCPMG AT KYCL, LLC; PCPMG AT KYET, LLC; PCPMG AT KYFS, LLC; PCPMG AT KYHB, LLC; PCPMG AT KYHE, LLC; PCPMG AT KYIV, LLC; PCPMG AT KYKW, LLC; PCPMG AT KYMA, LLC; PCPMG AT KYKMC, LLC; PCPMG AT KYMF, LLC; PCPMG AT KYSF, LLC; PCPMG AT KYSL, LLC; PCPMG AT KYST, LLC; PCPMG AT KYTR, LLC; PCPMG AT KYWC, LLC; PCPMG AT LE, LLC; PCPMG AT ML, LLC; PCPMG AT MM, LLC; PCPMG AT M2, LLC; PCPMG AT NMBF, LLC; PCPMG AT NMCL, LLC; PCPMG AT NMCR, LLC; PCPMG AT NMDS, LLC; PCPMG AT NMEV, LLC; PCPMG AT NMRA, LLC; PCPMG AT NMRR, LLC; PCPMG AT NMSC, LLC; PCPMG AT NMSF, LLC; PCPMG AT NMSH, LLC; PCPMG AT NMSP, LLC; PCPMG AT SC, LLC; PCPMG AT SG, LLC; PCPMG CONSULTING, LLC; PCPMG OF ARIZONA, LLC; PCPMG OF COLORADO, LLC; PCPMG OF FLORIDA, LLC; PCPMG OF IOWA, LLC; PCPMG OF KANSAS, LLC; PCPMG OF KENTUCKY, LLC; PCPMG OF LOUISIANA, LLC; PCPMG OF MISSISSIPPI, LLC; PCPMG OF NEVADA, LLC; PCPMG OF NEW MEXICO, LLC; PCPMG OF OKLAHOMA, LLC; PCPMG OF TEXAS, LLC; PCPMG-ICF, LLC; PCPMG, LLC

7. At all times relevant hereto, Defendant Kentucky Partners Management LLC (hereinafter "**KENTUCKY PARTNERS**") is a foreign limited liability company existing under, and by virtue of the laws of the State of Texas, with its principal place of business at 5420 W. Plano Parkway, Plano, Texas 75093, and with a place of business located at 31 Derickson Lane, Stanton, Kentucky 40380.

8. At all times relevant hereto, Defendant Reliant Pro Rehab, LLC, a/k/a Reliant, Reliant Rehabilitation, Reliant Management Group, RMG Holding Company, Reliant Transitional Care of Louisiana (hereinafter "**RELIANT PRO**") is a foreign limited liability company existing under, and by virtue of the laws of the State of Texas, with its principal place of business at 5212 Village Creek Drive, Plano, Texas 75093, and with a place of business located at 31 Derickson Lane, Stanton, Kentucky 40380, and upon reason and belief also does business in the states of Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Kentucky, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

9. At all times relevant hereto, Defendant Reliant Rehabilitation Holdings, Inc., a/k/a Reliant, Reliant Pro Rehab, Reliant Management Group, RMG Holding Company, Reliant Transitional Care of Louisiana (hereinafter "**RELIANT REHABILITATION**") is a foreign corporation existing under, and by virtue of the laws of the State of Texas, with its principal place of business at 5212 Village Creek Drive, Plano, Texas 75093, and with a place of business located at 31 Derickson Lane, Stanton, Kentucky 40380, and upon reason and belief also does business in the states of Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Kentucky, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

10. At all times relevant hereto, Defendant Reliant Therapy (hereinafter "**RELIANT THERAPY**") is a company located at 31 Derickson Lane, Stanton, Kentucky 40380, where it has its principal place of business.

11. At all times relevant hereto, Defendant Thomas Scott (hereinafter "**THOMAS SCOTT**") is and continues to be the Administrator/Owner of **PREFERRED CARE**, and of **STANTON NURSING**, and of **KENTUCKY PARTNERS** and of **RELIANT REHABILITATION**, and of **RELIANT PRO**. Additionally, upon information and belief,

**THOMAS SCOTT** was concurrently the Administrator/Owner of more than 120 other nursing home facilities and nursing home support companies in Kentucky, and in Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

12. At all times relevant hereto, Defendant Joseph McDonough (hereinafter **"JOSEPH MCDONOUGH"**) is and continues to be the Administrator/Owner of **RELIANT REHABILITATION,** and of **RELIANT PRO**. Additionally, upon information and belief, **JOSEPH MCDONOUGH** was concurrently the Administrator/Owner of nursing home rehabilitation facilities and companies in Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

13. At all times relevant hereto, Plaintiff was employed by Defendant **STANTON NURSING** and Defendant **PREFERRED CARE** in Powell County, Kentucky.

14. The practices complained of herein and identified by Relator **DONCHATZ** are believed to have occurred in all facilities owned by Defendant **THOMAS SCOTT** and/or **JOSEPH MCDONOUGH, including but not limited to the facilities of PREFERRED CARE**, of **STANTON NURSING,** of **KENTUCKY PARTNERS,** of **RELIANT REHABILITATION,** and of **RELIANT PRO**. in Kentucky and in all other facilities owned by Defendants in the states of Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Kentucky, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

15. The listed Defendants are administered/owned by **THOMAS SCOTT** and/or **JOSEPH MCDONOUGH** and are various nursing homes, owners of nursing homes, and wholly owned facilities of nursing homes who provide residential health care services for short and long term patient treatment.

## JURISDICTION AND VENUE

16. This action arises under 31 U.S.C. § 3729, *et seq.* Therefore, this is a case or controversy arising under the laws of the United States. Hence this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (2008).

17. This action also includes claims under the Arkansas Medicaid False Claims Act, Colorado Medicaid False Claims Act, Florida False Claims Act, Iowa False Claims Act, Louisiana Medical Assistance Programs Integrity Law, Nevada False Claims Act, New Mexico Medicaid False Claims Act, Oklahoma Medicaid False Claims Act, and Texas Medicaid Fraud Act. The Court has supplemental jurisdiction over these state claims under 28 U.S.C. §1367.

18. This action may be brought in this judicial district under 31 U.S.C. § 3732(a) (2009) because, *inter alia*, the Defendants have transacted business and made other contacts in this judicial district.

19. Venue is appropriate in the Eastern District of Kentucky because Defendants operate facilities in Stanton, Powell County, Kentucky, and this is the facility at which Plaintiff worked during his employment with Defendants.

## ALLEGATIONS

20. On or around April 1, 2014, Defendants **STANTON NURSING** and **PREFERRED CARE,** hired Plaintiff as an Administrator at its Stanton, Kentucky facility. In his position as Administrator, Plaintiff **DONCHATZ** was charged with overseeing all operations of Stanton Healthcare, including but not limited to all requirements of nursing home administrator licensure established by state and federal statutes and regulations. He remained Administrator until he was terminated on November 14, 2016.

21. In the course of his employment with Defendants **STANTON NURSING** and **PREFERRED CARE,** Plaintiff **DONCHATZ** learned that his actions and the actions of the facility personnel were also overseen by Defendant **THOMAS SCOTT** as the Owner and Administrator of **STANTON NURSING** and Defendant **PREFERRED CARE** and/or those individuals assigned by Defendant **SCOTT** to oversee the Stanton facility personnel and operations, and that he, **DONCHATZ,** was also governed by Defendant **JOSEPH MCDONOUGH** as the Owner and Administrator of **RELIANT PRO REHAB,** Defendant **RELIANT REHABILITATION,** and Defendant **KENTUCKY PARTNERS.**

22. In Plaintiff **DONCHATZ's** role as Administrator, he had authority to contract with certain organizations so as to provide patient and facility services to **STANTON,** with the specific exception that **DONCHATZ** was prohibited from contracting with any other provider for physical therapy services, occupational therapy services, and speech therapy services other than **RELIANT PRO,** and **RELIANT REHABILITATION.**

23. In Plaintiff **DONCHATZ's** role as Administrator, he purportedly had certain access to the budgets, billing programs, financial records and other financial reports of programs that he administered, yet the details of these records were produced to Plaintiff **DONCHATZ** at Defendants' sole discretion. When Plaintiff **DONCHATZ** requested Defendants' financial records for his review, to his best knowledge and understanding, Defendants screened the documents to be produced and refused to provide him the full scope of the financial documents for which he made requests. Defendants absolutely prohibited **DONCHATZ** from accessing the budgets, billing programs, or financial records or reports of **RELIANT PRO** or **RELIANT REHABILITATION.**

24. During the course of **DONCHATZ's** role as Administrator at **STANTON**

**NURSING,** Plaintiff **DONCHATZ** observed several discrepancies in the **"Therapy Services"** Program at **STANTON,** most particularly the services provided to patients by Defendants **RELIANT PRO** or **RELIANT REHABILITATION.**

25. Plaintiff **DONCHATZ** repeatedly complained to management regarding the obvious lack of oversight regarding the Therapy Department and the discrepancy of therapy services by **RELIANT PRO** or **RELIANT REHABILITATION**.

26. In particular, Plaintiff **DONCHATZ** observed and complained that he had no abilities to review or comment on the credentials of therapists servicing the patients, that there always seemed to be insufficient therapists available, that not all therapists were properly licensed, that unlicensed therapists often performed the work that should have been performed by licensed therapists, and that patients were not generally receiving the therapy treatments in their plans.

27. Most importantly, Plaintiff **DONCHATZ** observed and reported his reasonable belief that false and misleading billings were being created regarding the therapy services that **RELIANT PRO** or **RELIANT REHABILITATION** were providing to the patients of **STANTON NURSING,** including but not limited to treatment protocol that was not being followed in accordance with the patients' individual plan of care; Medicare and/or Medicaid criteria was not being met; assessments were not being done in accordance with physical therapy guidelines or in accordance with Medicare or Medicaid guidelines (Relator observed and reported that for a several month period there was not even a licensed physical therapist employed at Defendants' Stanton, Kentucky facility), all of which caused improper assessments and delays in assessments, and clearly resulting in false billings.

28. For all services, Plaintiff **DONCHATZ** observed and reported that patients at the Stanton facility were not receiving the standard of care required by Medicaid and Medicare, and thus billings for many patients at **STANTON** were improper and fraudulent.

29. Upon information and belief, Defendants acted in concert to fraudulently bill to insurance companies, unions, private organizations, and governmental agencies. Defendants did so in an effort to commit healthcare fraud, and further, and in so doing, intentionally concealed from these private and public entities that they were violating the fiduciary duty they owed to such persons and entities.

30. Plaintiff **DONCHATZ** reported his concerns of the false billings to the proper chain of command, all the way up to Defendants' headquarters in Plano, Texas. To **DONCHATZ's** knowledge and belief, Defendants took no action to remediate the aforementioned fraud.

31. Upon reason and belief the aforementioned illegalities occurred at all the other facilities including, but not limited to, Preferred Care, Inc., a/k/a Preferred Care Investments, LLC, Kentucky Partners Management LLC; Preferred Care Partners Management Group; PCPMG; Florida Preferred Care Health Facilities III, Inc.; Preferred Care Management Services; Preferred Care Partners Investments; Preferred Care Purchasing; Preferred Care, INC.; PCPMG AT KYBB, LLC; PCPMG AT KYBG, LLC; PCPMG AT KYCB, LLC; PCPMG AT KYCL, LLC; PCPMG AT KYET, LLC; PCPMG AT KYFS, LLC; PCPMG AT KYHB, LLC; PCPMG AT KYHE, LLC; PCPMG AT KYIV, LLC; PCPMG AT KYKW, LLC; PCPMG AT KYMA, LLC; PCPMG AT KYKMC, LLC; PCPMG AT KYMF, LLC; PCPMG AT KYSF, LLC; PCPMG AT KYSL, LLC; PCPMG AT KYST, LLC; PCPMG AT KYTR, LLC; PCPMG AT KYWC, LLC; PCPMG AT LE, LLC; PCPMG AT ML, LLC; PCPMG AT MM, LLC; PCPMG

AT M2, LLC; PCPMG AT NMBF, LLC; PCPMG AT NMCL, LLC; PCPMG AT NMCR, LLC; PCPMG AT NMDS, LLC; PCPMG AT NMEV, LLC; PCPMG AT NMRA, LLC; PCPMG AT NMRR, LLC; PCPMG AT NMSC, LLC; PCPMG AT NMSF, LLC; PCPMG AT NMSH, LLC; PCPMG AT NMSP, LLC; PCPMG AT SC, LLC; PCPMG AT SG, LLC; PCPMG CONSULTING, LLC; PCPMG OF ARIZONA, LLC; PCPMG OF COLORADO, LLC; PCPMG OF FLORIDA, LLC; PCPMG OF IOWA, LLC; PCPMG OF KANSAS, LLC; PCPMG OF KENTUCKY, LLC; PCPMG OF LOUISIANA, LLC; PCPMG OF MISSISSIPPI, LLC; PCPMG OF NEVADA, LLC; PCPMG OF NEW MEXICO, LLC; PCPMG OF OKLAHOMA, LLC; PCPMG OF TEXAS, LLC; PCPMG-ICF, LLC; PCPMG, LLC.

32. Upon information and belief, the Defendants, by virtue of the acts alleged above, had actual knowledge of the false billing for these services on behalf of patients at **STANTON NURSING**, for the specific purpose of ***fraudulently collecting millions of dollars*** from private organizations and governmental agencies, with reckless disregard for the truth and falsity thereof, or with deliberate indifference to the truth or falsity thereof.

33. Upon information and belief, Defendants acted in concert to commit health care fraud and ***fraudulently collect millions of dollars*** from persons, insurance companies, unions, other private organizations, and governmental agencies for services they did not perform.

34. Upon information and belief, Defendants acted in concert to ***fraudulently commit Honest Services Mail Fraud***, by devising and participating in a scheme to defraud and deprive patients of the intangible right to a therapist's honest services, and to cause mailings in furtherance thereof, in violation of Title 18, United States Code, Sections 1341 and 1346.

35. Upon information and belief, Defendants, acted in concert to ***fraudulently violate the Travel Act*** by using or causing to be used facilities in interstate commerce with intent to

fraudulently bill, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of an unlawful activity, that is commercial bribery, in violation of State and Federal laws, and, thereafter, to promote and attempt to perform acts to promote, manage, establish, carry on, distribute the proceeds of, and facilitate the promotion, management, establishment, carrying on, and distribution of the proceeds of an unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(1) and (a)(3).

36. On or around November 14, 2016, and in direct retaliation for Plaintiff's complaints about the billing systems regarding physical therapy, and for his verbal and written complaints regarding the illegal working environment both internally and to outside agencies, Defendant terminated Plaintiff's employment.

## COUNT I
## VIOLATION OF FALSE CLAIMS (FCA § 3729(a)(1)(A))

37. All of the preceding allegations are incorporated herein.

38. By the practices described, and upon reasonable belief and knowledge, the Defendants presented to the United States Government, and the Commonwealth of Kentucky with false, fraudulent, or artificially inflated claims, or presented to a contractor, guarantee or other recipient to be used on those governments' behalf or to advance a government program or interest.

39. Defendants did so with actual knowledge of the falsity of each claim, with reckless disregard for the truth and falsity of each claim, or with deliberate indifference to the truth or falsity of each claim.

40. Defendants presented such claims for approval and payment, and, upon information and belief, Defendants' claims were paid by the United States Government and governments of individual states, including, but not limited to the Commonwealth of Kentucky and the states of Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others

**COUNT II**
**FALSE STATEMENTS (FCA § 3729(a)(1)(B))**

41. All of the preceding allegations are incorporated herein.

42. As more particularly set forth in the foregoing paragraphs, and upon reasonable belief and knowledge, Defendants knowingly made, used, or caused to be made or used, false records and statements material to have false or fraudulent claims paid or approved by the United States Government and/or the Individual States' governments in violation of 3729(a)(1)(B), particularly in the Medicaid program of the Commonwealth of Kentucky and the Medicaid programs of the states of Arizona, Arkansas, Colorado, Florida, Iowa, Kansas, Louisiana, Missouri, Nevada, New Mexico, Oklahoma, Texas, and possibly others.

43. Upon information and belief, such false records or statements included but were not limited to prescriptions, billings, medical statements, deliveries, surveys, invoices, or other documentation requesting reimbursement for unnecessary and inflated costs.

**COUNT III**
**CONSPIRACY TO COMMIT (FCA § 3729(a)(1)(C))**

44. All of the preceding allegations are incorporated herein.

45. As more particularly set forth in the foregoing paragraphs, and upon reasonable belief and knowledge, the Defendants conspired to commit violations of the False Claims Act, 31 U.S.C. § 3729, Subsections (A), (B), (D), (E), (F) and (G).

**COUNT IV**
**REVERSE FALSE CLAIMS (FCA § 3729(a)(7) and 3729 (a)(1)(G))**

46. All of the preceding allegations are incorporated herein.

47. As more particularly set forth in the foregoing paragraphs, by virtue of the alleged acts, and upon reasonable belief and knowledge, Defendants knowingly made, used, or caused to be made or used, false records and statements material to an obligation to pay or transmit money or property to the United States or other government, or knowingly concealed, improperly avoided or decreased an obligation to pay or transmit money or property to such government.

**COUNT V**
**RETALIATION (31 U.S.C § 3730(h)**

48. All of the preceding allegations are incorporated herein.

49. Relators engaged in conduct protected under § 31 U.S.C § 3730(h).

50. Defendants knew or suspected that Relator **DONCHATZ** was engaged in conduct that was protected under the provisions of the federal FALSE CLAIMS ACT.

51. As a result, Defendant retaliated against Relator, including but not limited to terminating his employment on or about November 14, 2016.

52. Because of Defendant's retaliation against Relator **DONCHATZ,** the Relator has suffered significant economic and non-economic damages, to be determined by a jury.

**COUNT VI**
**ARKANSAS MEDICAID FRAUD FALSE CLAIMS ACT**
**(A.C.A § 20-77-901 *et seq.*)**

53. All of the preceding allegations are incorporated herein.

54. This is a claim for treble damages and civil penalties under the Arkansas Medicaid Fraud False Claims Act., Ark. Code § 20-77-903 *et seq*.

55. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Arkansas Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

56. The Arkansas Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

57. By reason of these payments, the Arkansas Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

## COUNT VII
## COLORADO MEDICAID FALSE CLAIMS ACT
## (§ 25.5-4-303.5 C.R.S. *et seq.*)

58. All of the preceding allegations are incorporated herein.

59. This is a claim for treble damages and civil penalties under the Colorado Medicaid False Claims Act., Colo. Rev. Stat. § 25.5-4-305 *et seq.*

60. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Colorado Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

61. The Colorado Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

62. By reason of these payments, the New York Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

**COUNT VIII**
**FLORIDA FALSE CLAIMS ACT**
**(Fla. Stat. § 68.083 *et seq.*)**

63. All of the preceding allegations are incorporated herein.

64. This is a claim for civil penalties under the Florida False Claims Act., Fla. Stat. § 68.083 *et seq.*

65. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC. d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Florida Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

66. The Florida Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

67. By reason of these payments, the Florida Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

**COUNT IX**
**IOWA FALSE CLAIMS ACT**
**(Iowa Code § 685.1 *et seq.*)**

68. All of the preceding allegations are incorporated herein.

69. This is a claim for treble damages, costs, and civil penalties under the Iowa False Claims Act., Iowa Code § 685.2 *et seq.*

70. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Iowa Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

71. The Iowa Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

72. By reason of these payments, the Iowa Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

## COUNT X
## LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW
## (LSA-R.S. § 46:437.1 *et seq.*)

73. All of the preceding allegations are incorporated herein.

74. This is a claim for treble damages and civil penalties and fines under the Louisiana Medical Assistance Programs Integrity Law, LSA-R.S. § 46:438.6 *et seq*.

75. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Louisiana Medical Assistance Programs false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

76. Louisiana Medical Assistance Programs, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

77. By reason of these payments, the Louisiana Medical Assistance Programs have been damaged, and continue to be damaged in a substantial amount.

**COUNT XI**
**NEVADA FALSE CLAIMS ACT**
**(NRS 357.010 *et seq.)***

78. All of the preceding allegations are incorporated herein.

79. This is a claim for treble damages, costs, and civil penalties under the Nevada False Claims Act., Nevada Revised Statute § 357.040 *et seq*.

80. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Nevada Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

81. The Nevada Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

82. By reason of these payments, the Nevada Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

**COUNT XII**
**NEW MEXICO MEDICAID FALSE CLAIMS ACT**
**(NMSA 2015, 27-14-1 § *et seq.*)**

83. All of the preceding allegations are incorporated herein.

84. This is a claim for treble damages and civil penalties under the New Mexico Medicaid False Claims Act., NMSA 2015, 27-14-4 § *et seq.*

85. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the New Mexico Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

86. The New Mexico Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

87. By reason of these payments, the New Mexico Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

**COUNT XIII**
**OKLAHOMA MEDICAID FALSE CLAIMS ACT**
**(Okla. Stat. 63, § 5053 *et seq.*)**

88. All of the preceding allegations are incorporated herein.

89. This is a claim for treble damages, costs, and civil penalties under the Oklahoma Medicaid False Claims Act., Okla. Stat. 63, § 5053 *et seq.*

90. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Nevada Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

91. The Oklahoma Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

92. By reason of these payments, the Oklahoma Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

## COUNT XIV
## TEXAS MEDICAID FRAUD PREVENTION ACT
## (TEX. HUM. RES. CODE § 36.001 *et seq.*)

93. All of the preceding allegations are incorporated herein.

94. This is a claim for double damages and civil penalties under the Texas Medicaid Fraud Prevention Act, Texas Human Resources Code § 36.052 *et seq*.

95. By virtue of the schemes and submissions described above, Defendants, **STANTON HEALTH FACILITIES, LP, PREFERRED CARE OF DELAWARE, INC d/b/a PREFERRED CARE, INC., KENTUCKY PARTNERS MANAGEMENT LLC, RELIANT PRO REHAB, LLC, RELIANT REHABILITATION HOLDINGS, INC. THOMAS P. DAVIS, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and THOMAS SCOTT, in his capacity as ADMINISTRATOR of STANTON NURSING AND REHABILITATION CENTER, and any related companies listed herein, JOSEPH MCDONOUGH, in his capacity as ADMINISTRATOR of RELIANT PRO REHAB, LLC and RELIANT REHABILITATION, HOLDINGS, INC. and any related companies listed herein, and OTHER POTENTIAL UNNAMED DEFENDANTS,** knowingly caused to be presented to the Texas Medicaid Program false claims for the improper payment or approval of prescriptions, and Defendants used false or fraudulent records to accomplish this purpose.

96. The Texas Medicaid Program, unaware of the falsity or fraudulent nature of the claims caused by the Defendants, paid for claims that otherwise would not have been allowed.

97. By reason of these payments, the Texas Medicaid Program has been damaged, and continues to be damaged in a substantial amount.

**WHEREFORE**, for each claim, the *Qui Tam* Relator/Plaintiff requests on behalf of himself, the United States, and all other government entities harmed, the following relief from the Defendants:

A. That Defendants cease and desist from violating the False Claims Act, 31 USC § 3729;

B. That Relator/Plaintiff be awarded all specified damages and civil penalties of the False Claims Act for each violation of the statute;

C. That Relator/Plaintiff be awarded three times the amount of damages that the United States Government has sustained because of the acts of Defendants;

D. That Relator/Plaintiff be awarded the maximum "relators share" allowed pursuant to 31 USC § 3729;

E. That Relator/Plaintiff be awarded for collecting the civil penalties and damages;

F. That Relator/Plaintiff be awarded all of their costs, including reasonable attorneys' fees and costs;

G. That Relator/Plaintiff be awarded interest;

H. All compensatory and punitive damages with respect to the claims set forth in an amount to be determined by a jury; and

I. Such further relief as the Court deems just.

Respectfully submitted,

BARBARA D. BONAR, ESQ.
Kentucky State Bar #42213
OTWELL S. RANKIN, ESQ.
Kentucky State Bar #93478
Bonar, Bucher & Rankin, PSC
3611 Decoursey Avenue
Covington, Kentucky 41015
(859) 431-3333

## JURY REQUEST

*Qui Tam* Relator/Plaintiff requests a jury for all issues that may be tried by a jury.

Respectfully submitted,

BARBARA D. BONAR, ESQ.
Kentucky State Bar #42213
OTWELL S. RANKIN, ESQ.
Kentucky State Bar #93478
Bonar, Bucher & Rankin, PSC
3611 Decoursey Avenue
Covington, Kentucky 41015
(859) 431-3333

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2017, a copy of the foregoing First Amended Complaint was served upon the following individuals as indicated below.

BARBARA D. BONAR, ESQ.
Kentucky State Bar #42213
OTWELL S. RANKIN, ESQ.
Kentucky State Bar #93478
Bonar, Bucher & Rankin, PSC
3611 Decoursey Avenue
Covington, Kentucky 41015
Phone: (859) 431-3333
Fax: (859) 392-3900
*bdbonar@lawatbdb.com*
*orankin@lawatbdb.com*

**U.S. Department of Justice – via Certified Mail**

Jeff Sessions
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Paul McCaffrey, U.S. Attorney
260 West Vine Street
Suite 300
Lexington, Kentucky 40507

**Counsel for the States – via Certified Mail**

Arizona Attorney General Mark Brnovich
1275 West Washington Street
Phoenix, AZ 85007-2926

Arkansas Attorney General Leslie Rutledge
Office of the Medicaid Inspector General
323 Center Street, Suite 1200
Little Rock, AR 72201
Colorado Attorney General Cynthia H. Coffman
Office of the Attorney General
Medicaid Fraud Control Unit
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 9th Floor
Denver, CO 80203

Florida Attorney General Pam Bondi
Medicaid Fraud Control Unit
The Capitol PL-01
Tallahassee, FL 32399-1050

Florida Chief Financial Officer Jeff Atwater
Florida Department of Financial Services
200 East Gainst Street
Tallahassee, FL 32399

Iowa Attorney General Tom Miller
Iowa Department of Inspections and Appeals
Medicaid Fraud Control Unit
Lucas State Office Building - Third Floor

321 E. 12th Street
Des Moines, IA 50319 - 0083

Kansas Attorney General Derek Schmidt
Medicaid Fraud & Abuse Division
120 SW 10th Ave., 2nd Fl.
Topeka, KS 66612-1597

Kentucky Attorney General Andy Beshear
Medicaid Fraud Control Unit of Kentucky
Office of the Attorney General
1024 Capitol Center Drive, Suite 200
Frankfort, KY 40601

Louisiana Attorney General Jeff Landry
Medicaid Fraud Control Unit of Louisiana
Office of the Attorney General
PO Box 94005
Baton Rouge, LA 70804-9005

Missouri Attorney General Josh Hawley
Missouri Attorney General's Office
Medicaid Fraud Control Unit
P.O. Box 899
Jefferson City, MO 65102

Nevada Attorney General Adam Paul Laxalt
Medicaid Fraud Control Unit of Nevada
Office of the Attorney General
100 North Carson St.
Carson City, NV 89701-4717

New Mexico Human Services Department
Office of Inspector General
8909 Adams St. NE., Suite A
Albuquerque, New Mexico 87113

Oklahoma Attorney General Mike Hunter
Medicaid Fraud Control Unit of Oklahoma
Office of the Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Texas Attorney General Ken Paxton
Medicaid Fraud Control Unit of Texas

Office of the Attorney General
6330 Hwy 290 East, Suite 250
Austin, TX 78723